UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MATTHEW THOMAS MCGRATH, | ) | CASE NO. 1:10 CV 17 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DONALD J. RENUART, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

        Pro se plaintiff Matthew Thomas McGrath filed this action under 42 U.S.C. §§ 1981, 1983, and 1985 against Fairview Hospital Physician Donald J. Renuart, Fairview Hospital Physician David Squicquero, Fairview Hospital Registered Nurse Bridget Greller, Fairview Hospital Registered Nurse S. Collins, Fairview Hospital ("Fairview"), Metro Health Medical Center ("Metro Health"), Metro Health Ear Nose Throat Specialist Dr. Coe, Metro Health Ear Nose Throat Specialist Dr. Trang, Facial Fracture Specialist John Doe, and Facial Fracture Specialist Jane Doe. In the complaint, plaintiff alleges that the defendants did not properly treat his facial injuries. He seeks monetary damages and public broadcasting.

**Background**

        Mr. McGrath reported to the emergency room at Fairview Hospital on February 15, 2008 suffering from facial injuries. He was admitted to the hospital. The following day, a CAT scan was performed which revealed fractures in his facial bones. Dr. Renuart consulted with a

physician at Metro Health. Dr. Doe advised Dr. Renuart to allow the swelling to go down before attempting to treat Mr. McGrath. He claim that on February 16, he was discharged from the hospital and told to make an appointment with a physician at Metro Health. He was given antibiotics and pain medication and released. He claims he had to drive himself home.

Mr. McGrath was given an appointment with a Metro Health physician on February 20, 2008. Prior to treatment, he contends he was required to be rated for poverty to receive reduced rate treatment. He qualified and was seen by a surgeon, Dr. Trang, on February 21, 2008. His first surgery took place on February 28, 2008. That surgery was not completely successful and a second surgery was performed in March 2008. Mr. McGrath contends that after his incarceration, he was seen by physicians at the Ohio State University Medical Center. He contends he was told his protruding zygomatic arch was the result of an error in "overfixing in surgery" by Dr. Trang. Mr. McGrath alleges that he now has a permanent protrusion which"ruins plaintiff['s] chances at ever modeling... ." He states he will need another surgery to correct the protrusion. He claims the defendants were negligent and violated is Fourteenth Amendment rights.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997);
(continued...)

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

## I. 42 U.S.C. §1983

Mr. McGrath first asserts claims under 42 U.S.C. § 1983. To state a prima facie case under 42 U.S.C. § 1983, the plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Mr. McGrath's claims do not meet these criteria.

Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. All of the defendants in this action are private parties, not government officials. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). There are no allegations in the Complaint which reasonably suggest any of these individuals or corporate entities could be considered to be state actors for purposes of § 1983.

## II. 42 U.S.C. § 1985

---

(...continued)
Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Mr. McGrath's claim under 42 U.S.C. § 1985 must also be dismissed. To establish a violation of § 1985, a plaintiff must allege that the defendants conspired together for the purpose of depriving the plaintiff of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus. Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999). Plaintiff alleges no facts to suggest that any of the defendants conspired together to deprive him of his right to equal protection of the law or that their actions were in any way motivated by plaintiff's race.

### III. 42 U.S.C. § 1981

Title 42 U.S.C. § 1981 prohibits racial discrimination in the making and enforcement of private contracts. See 42 U.S.C. § 1981. The statute applies to all incidents of the contractual relationship, including discriminatory contract terminations. See 42 U.S.C. § 1981(b). To establish a claim under that statute, plaintiff must allege: (1) he is a member of a racial minority, (2) the defendants intended to discriminate against him on the basis of his race, and (3) the discrimination concerned one or more of the activities enumerated in the statute including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. Johnson v. Harrell, No. 97-5257, 1998 WL 57356 (6th Cir. Feb. 2, 1998); Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996). The amended complaint gives no indication that plaintiff is a member of a racial minority or that any of the defendants intended to discriminate against him on the basis of his race. His requests for relief under this statute must therefore be denied.

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court

4

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

       IT IS SO ORDERED.


Dated: June 3, 2010                       *s/      James S. Gwin*
                                                           JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(a)(3) provides:

       An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.